IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION
2:08CV21-1-MU

| | |
|---|---|
| JAMES ANDERSON-BEY, <u>et al</u>, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiffs' Complaint pursuant to 42 U.S.C. § 1983 (Doc. No.1), filed August 11, 2008; Plaintiffs' Motion Payment to Be Order (Doc. No. 2), filed August 11, 2008; Plaintiffs' Motion to Amend (Doc. No. 3), filed August 19, 2008; Plaintiffs' Motion to Amend (Doc. No. 4), filed August 19, 2008; Plaintiffs' Motion to Amend (Doc. No. 5), filed August 19, 2008; Plaintiffs' Motion to Amend (Doc. No. 6), filed August 19, 2008; Plaintiffs' Motion to Consider (Doc. No. 8), filed September 10, 2008; Plaintiffs' Motion to Vacate (Doc. No. 9), filed September 10, 2008; and Plaintiffs' Motion for Writ of Habeas Corpus (Doc. No. 10), filed September 10, 2008.

In their Complaint Plaintiffs name the State of North Carolina, sixteen county district attorneys, and sixteen clerks of court as defendants. Plaintiffs allege that their rights have been violated because they are listed as black in race and African in nationality when they are of the Moorish nation. Furthermore, Plaintiffs assert that Defendants refuse to annex the tribal name of "Bey" or "El" to their names.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that one of his

constitutional rights (or federal statutory rights) was violated by a person acting under the color of state law. 42 U.S.C. § 1983.

States are not persons for purposes of 42 U.S.C. § 1983 and thus are not proper parties to § 1983 cases. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). As such, the State of North Carolina is dismissed from this case.

Plaintiffs fail to state a claim against the district attorneys and clerks of courts named as defendants. Plaintiffs attribute no specific action to any of these Defendants.[1] As such they are dismissed from this case.

As the State of North Carolina is not a proper defendant and as Plaintiff fails to state a claim against the remaining individual defendants, Plaintiffs' Complaint is dismissed. Because this Court is dismissing Plaintiffs' Complaint, the remaining Motions to Amend are moot.

Plaintiffs have also filed a Motion to Vacate and a Petition for Writ of Habeas Corpus under this same case number. Such motions do not belong in a § 1983 case and are dismissed without prejudice.

---

[1] In initiating a prosecution and in presenting the State's case, a prosecutor is immune from a civil suit for damages under § 1983. See Imbler v. Pachtman, 424 U.S. 409, 427, 430 (1976). This absolute immunity attaches to prosecution conduct "intimately associated with the judicial phase of the criminal process." Id. at 430. Likewise, immunity applies to acts of all auxiliary court personnel that are "basic and integral of the judicial function." See Sindram v. Suda, 986 F.2d 1459, 1461 (D.C. Cir. 1993); Jackson v. Houck, 181 F. App'x 372, 373 (4th Cir. 2006)(unpublished); Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992)(citation omitted). As Plaintiffs fail to allege specific facts with regards to actions or omissions by individual defendants this Court cannot determine if they are immune.

**IT IS THEREFORE ORDERED that:**

1. Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted;

2. Plaintiffs' Motion Payment to Be Order is **DENIED** as moot;

3. Plaintiffs' Motion to Amend (Doc. No. 3) is **DENIED** as moot;

4. Plaintiffs' Motion to Amend (Doc. No. 4) is **DENIED** as moot;

5. Plaintiffs' Motion to Amend (Doc. No. 5.) is **DENIED** as moot;

6. Plaintiffs' Motion to Amend (Doc. No. 6) is **DENIED** as moot;

7. Plaintiffs' Motion to Consider (Doc. No. 8) is **DENIED** as moot;

8. Plaintiffs' Motion to Vacate (Doc. No. 9) is **DISMISSED without prejudice**; and

9. Plaintiffs' Motion for Writ of Habeas Corpus (Doc. No. 10) is **DISMISSED without prejudice.**

Signed: September 24, 2008

Graham C. Mullen
United States District Judge